Affirmed and Memorandum Opinion filed July 5, 2005









Affirmed and Memorandum Opinion filed July 5, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01410-CR

_______________

 

STEVEN RAY SCHILLEREFF, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On
Appeal from the 338th District Court

Harris
County, Texas

Trial
Court Cause No. 947,737

_________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Steven
Ray Schillereff appeals a conviction for aggravated assault[1]
on the ground that he was denied effective assistance of counsel in the
punishment phase because his trial counsel failed to object to the admission
into evidence of a videotaped statement (the Astatement@) by the complainant, his estranged
wife.  We affirm.








Appellant=s sole issue argues that his counsel=s failure to object to the statement
denied his right to cross-examine the witness and contained inadmissible
hearsay, including  the complainant=s request that appellant be given the
maximum punishment.

A
defendant’s right to effective assistance of counsel is denied when: (1) a
defense attorney’s performance falls below an objective standard of
reasonableness; and (2) thereby prejudices the defense to the extent that there
is a reasonable probability that, but for the error, the result of the
proceeding would be different.  Yarborough
v. Gentry, 540 U.S. 1, 5 (2003); Ex parte White, 160 S.W.3d 46, 51
(Tex. Crim. App. 2004).

In
this case, when the videotape was offered into evidence, defense counsel stated
that he was not objecting because A[i]t is pretty much the same thing
that=s in the pre-sentence investigation
records report.@  Attached to the
pre-sentence investigation report was a five-page, single-spaced, typed letter
(the Aletter@) in which the complainant gave a
detailed and highly disturbing account of a lengthy sequence of increasingly
violent assaults appellant had committed on her, including death threats.  The letter also described the physical and
emotional damage the complainant had suffered and requested that the maximum sentence
be imposed.  In light of the magnitude of
the evidence before the trial court in this letter: (1) the variations between
the letter and statement, relative to the overall thrust of each, were minor,
as counsel had indicated in the trial court; and, more importantly, (2) there is
no indication whatever, let alone a reasonable probability, that, had the
statement been excluded from evidence, the result of the sentencing proceeding
would have been any different. 
Accordingly, appellant=s sole issue is overruled, and the judgment of the trial
court is affirmed.

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed July 5, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]           Appellant
pleaded guilty to the aggravated assault charge without an agreed
recommendation.  After a pre-sentence
investigation hearing, the trial court found appellant guilty of the offense
and sentenced him to 20 years confinement.